**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trident Investment Partners Incorporated, | No. CV-20-01848-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Elizabeth Evans, et al., | |
| Defendants. | |

On January 8, 2021, the Court granted Plaintiff's motion for default judgment (Doc. 18) and entered a default judgment against Defendants Elizabeth Evans, Susan Solebello, and The Handy Connection LLC (collectively, "Defendants"), jointly and severally, in favor of Plaintiff in the amount of $12,010 (Doc. 19). The default judgment also enjoined Defendants from, in essence, continuing to run their business under its current name. (Doc. 19.)

On January 21, 2021, Solebello, acting *pro se*, filed a document titled "Complaint," stating that she "would like the court to grant a motion to vacate the default judgment under Rule 60 of the Federal Rules of Civil Procedure" and that she "wants a trial by jury." (Doc. 21.) Solebello's filing provides an explanation for why Defendants in this action did not respond to the complaint and briefly outlines a defense to the action on the merits. (*Id.*) Although the filing is titled "Complaint," it appears to be a Rule 60 motion to vacate the Court's January 8, 2021 order (Doc. 18) and default judgment (Doc. 19) and has been docketed as a pending motion in the above-captioned action. The Court construes it as

such.[1]

Solebello asserts, *inter alia*, that (1) before the inception of this litigation, Plaintiff engaged in a campaign of harassment against Defendants, (2) the documents with which Defendants were served were "false documents" that do not match the complaint filed in this action, did not bear a case number, and contained various irregularities including a blurry seal and the words "Corporate Disclosure Statement" where the case number should have been, (3) Solebello did not believe the documents to be legitimate court documents and was unable to locate the case, (4) Defendants believed the documents were "just another attempt to harass [them] and bully [them]" and coerce them to pay Plaintiff money or stop using their company name, and (5) Defendants believe that Plaintiff and Plaintiff's counsel "purposely deceived" Defendants by serving "false documents" so that they would not or could not respond. (Doc. 21.) Essentially, Solebello asserts that the defaults and default judgment in this action were procured by fraud.

Plaintiff is ordered to file a response within 14 days of the date of this order.

The Court further notes that Solebello does not appear to be an attorney, and therefore she cannot represent anyone other than herself. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."). Evans may represent herself, but The Handy Connection LLC must be represented by an attorney. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (non-attorney members of a partnership cannot appear on behalf of the partnership). All "motions and pleadings" filed by The Handy Connection LLC "must be filed by counsel." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). Thus, the pending motion to vacate has been brought only on Solebello's behalf. If Evans and The Handy Connection LLC wish to join that motion or file their own, they may do so within 14 days of the date of this order.[2]

---

[1] Solebello did not pay a filing fee or file an application to proceed *in forma pauperis*. The Court views this as further evidence that Solebello did not intend to initiate a new action.

[2] Of course, the Court has the authority to vacate the defaults and default judgment

Accordingly,

**IT IS ORDERED** that Plaintiff is ordered to file a response within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that Evans and/or The Handy Connection LLC may file motions to vacate the defaults and default judgments against them within 14 days of this order. The Handy Connection LLC must retain counsel before appearing or filing anything in this action.

Dated this 22nd day of January, 2021.

Dominic W. Lanza
United States District Judge

---

as to Evans and The Handy Connection LLC without a motion brought on their behalf if the Court determines they were obtained through fraud. The Court's inherent power allows it to "vacate its own judgment upon proof that a fraud has been perpetrated upon the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *see also* Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to set aside a judgment for fraud on the court.").

- 3 -